**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**CHERIE MITCHELL,**

    *Plaintiff*,

**v.**                                         **Case No. 5:26-CV-02719-JKP**

**WESTERN MUTUAL INSURANCE**
**COMPANY,**

    *Defendant.*

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Western Mutual Insurance Company's Motion to Enforce Plaintiff's Binding Stipulation of Damages and to Remand, (*ECF No. 4*). Plaintiff Cherie Mitchell filed a Response (that fails to address Defendant's arguments), (*ECF No. 12*), and Defendant filed a Reply, (*ECF No. 13*). Upon consideration, the Court will *sua sponte* remand this case to the County Court at Law No. 2 of Comal County, Texas.

## PROCEDURAL HISTORY

Plaintiff originally filed this action on September 30, 2025, in the County Court at Law No. 2 of Comal County, Texas, and attached a signed Binding Stipulation of Damages dated March 21, 2025. *See ECF No. 1-3* at 4–16. The Binding Stipulation of Damages states, among other things, "[t]he total amount sought by the Plaintiff in this civil action does not exceed $75,000.00, inclusive of interest, costs, including all statutory and contract damages, extra-contractual damages, punitive damages, and attorney's fees." *Id*. at 15.

Later, on March 26, 2026, Plaintiff served a First Amended Petition, omitting the Binding Stipulation of Damages and pleading damages of up to $250,000. *See id.* at 29–39. Thereafter, on April 24, 2026, Defendant removed this action to this Court "relying on the face of the amended pleading to establish the amount in controversy." *See ECF No. 1; ECF No. 4 at 1.*

Three days later, Defendant filed the instant Motion to Enforce Plaintiff's Binding Stipulation of Damages and to Remand, (*ECF No. 4*). In the Motion, Defendant "asks this Court to enforce Plaintiff's Binding Stipulation of Damages and, upon doing so, remand this action to the state court." *Id*. at 1.

## LEGAL STANDARD AND ANALYSIS

"Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal.").

Federal courts have subject matter jurisdiction for civil actions involving a federal legal question or diverse parties. 28 U.S.C. §§ 1331, 1332. The latter, diversity jurisdiction, requires the case have an amount in controversy to exceed "$75,000, exclusive of interest and costs, and [be] between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). When a defendant removes a case to federal court, it has the burden of demonstrating removal is appropriate because the court has federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723

2

(5th Cir. 2002) (citing *De Aguilar*, 47 F.3d at 1408).

If a defendant can demonstrate that the amount in controversy exceeds $75,000, a plaintiff can still defeat diversity jurisdiction by showing that it is a "legal certainty" that his recovery will not exceed $75,000.[1]  A plaintiff may establish such "legal certainty" by filing "a binding stipulation or affidavit" with his or her lawsuit, stating that he or she seeks less than the jurisdictional threshold and further stating that he or she will not accept an award that exceeds that amount.[2]

Texas "[c]ourts favor stipulations to expedite litigation, and as a general rule valid stipulations are binding on the parties and the Courts." *New v. First Nat. Bank of Midland*, 476 S.W.2d 121, 124 (Tex. App.—El Paso 1971, writ ref'd n.r.e.); *see also Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001) (Judicial admissions are "binding on the party making them" if they are made "intentionally as a waiver."); *Wright v. Normandy Terrace Healthcare & Rehab. Ctr.*, No. 5:12-CV-00622, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012) ("The binding nature of Plaintiff's stipulation is derived from settled Texas law . . .  A party making a stipulation or judicial admission is barred from disputing it."); *Walker v. City of Georgetown*, 86 S.W.3d 249, 254 (Tex. App.—Austin 2002, pet. denied) (stipulations in petitions that purport to limit prospective theories of recovery are binding judicial admissions).

Here, the Binding Stipulation of Damages attached to Plaintiff's Petition is clear and unequivocal, stating Plaintiff stipulates the following:

---

[1] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) (If a plaintiff "does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

[2] *De Aguilar*, 47 F.3d at 1412; *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement."); *Espinola-E v. Coachoma Chem. Co.*, 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) ("[A] binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction.").

1. The total sum or value in controversy in this civil action does not exceed $75,000.00, inclusive of interests, costs, and attorney's fees.

2. The total amount sought by the Plaintiff in this civil action does not exceed $75,000.00, inclusive of interests, costs, including all statutory and contract damages, extra-contractual damages, punitive damages, and attorney's fees.

3. Plaintiff and Plaintiff's attorneys understand and agree that Plaintiff's total recovery in this civil action is limited to an amount not to exceed $75,000.00, inclusive of interests, costs, and attorney's fees.

4. Neither Plaintiff nor Plaintiff's attorneys will accept an amount that exceeds $75,000.00, inclusive of interests, costs, and attorney's fees, in this civil action.

5. Neither Plaintiff nor any attorney acting on behalf of Plaintiff will amend Plaintiff's petition at any time to plead an amount in controversy in excess of $75,000.00, inclusive of interests, costs, and attorney's fees, in this civil action.

6. Plaintiff will not authorize anyone on their behalf or their future heirs or assigns, to amend Plaintiff's petition at any time to plead an amount in controversy in excess of $75,000.00, inclusive of interests, costs. and attorney's fees, in this civil action.

7. For purposes of this stipulation, Plaintiff and Plaintiff's attorneys understand and agree that the term "interest" means pre- and post-judgment interest only, and that the term "costs" means taxable court costs and attorney's fees.

8. The parties agree that this Stipulation will be filed in the papers of this cause and is enforceable pursuant to Tex. R. Civ. P. 11.

9. This Stipulation is effective by the Plaintiff and counsel for the Plaintiff.

*ECF No. 1-3* at 15. The Binding Stipulation of Damages is signed by Plaintiff Cherie Mitchell and her attorney Omar Ochoa. *Id*.

This type of stipulation has been found to legally defeat diversity jurisdiction.[3] Such stipulations are sufficiently binding on the plaintiff to preclude removal, because "Texas law holds that stipulations include admissions or concessions made in a judicial proceed-

---

[3] *See Phan v. Benchmark Ins. Co.*, No. 3:25-CV-00120, 2026 WL 21797 (S.D. Tex. Jan. 5, 2026); *Mokhtari v. Geovera Spec. Ins. Co.*, No. H-14-3676, 2015 WL 2089772, at *2 (S.D. Tex. May 4, 2015); *Williams v. Companion Prop & Cas.*, No. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013); *see also Washington-Thomas v. Dial America Marketing, Inc.*, No. EP–12–CV–00340–DCG, 2012 WL 5287043, at *2 (W.D. Tex. Oct. 23, 2012).

ing by a party or attorney, and that stipulations constitute a binding contract between the parties and the court."[4] Thus, on its face, this language appears sufficient to establish to a legal certainty that the $75,000 amount-in-controversy requirement has not been met.[5] Further, Plaintiff's Response fails to address Defendant's arguments or the Binding Stipulation of Damages. *See ECF No. 12*. Plaintiff does not present any challenge, for example, to the stipulation's validity.

In sum, the Binding Stipulation of Damages attached to Plaintiff's Petition creates a legal certainty that the amount in controversy does not exceed $75,000. It is titled "Binding Stipulation of Damages," which unmistakably establishes that it cannot be revoked. *See Christian Legal Soc. Chapter of Univ. of Cal., Hastings Coll. of Law v. Martinez*, 561 U.S. 661, 667 (2010) (describing a stipulation as "binding and conclusive" and "not subject to subsequent variation") (quotation omitted). The stipulation's wording provides that Plaintiff will not seek, will not ask for, and will not accept an amount of damages in excess of $75,000. Further, the stipulation states that Plaintiff will not amend the lawsuit to seek more than $75,000. Because the stipulation signed by Plaintiff legally binds Plaintiff to a recovery below the jurisdictional threshold, this Court lacks diversity jurisdiction. This case must be remanded to state court.

## CONCLUSION

Accordingly, it is **ORDERED** this case be **REMANDED** to the County Court at Law No. 2 of Comal County, Texas. The referral to the Magistrate Judge is **WITHDRAWN**. All other motions pending in this action are **DISMISSED AS MOOT**.

---

[4] *Washington-Thomas*, at \*3 (quoting *Wright v. Normandy Terrace Healthcare & Rehab. Cntr.,* No. 5:12–CV–00622, 2012 WL 2979040, at \*2 (W.D. Tex. July 19, 2012) and citing *Walker v. City of Georgetown,* 86 S.W.3d 249, 254 (Tex. App.-Austin 2002, pet. denied) (holding that the plaintiffs' unequivocal statement in their complaint that they "do not seek recovery of damages or attorneys [sic] fees from [a particular defendant] individually" is a judicial admission and as such binding on the plaintiffs)).

[5] *See Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x. 432, 437 (5th Cir. 2010) (Plaintiffs may establish legal certainty "by submitting a binding stipulation or affidavit with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold.").

The Clerk of Court shall affect the remand according to the usual procedure and close this case.

It is so ORDERED.
SIGNED this 10th day of June, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE